**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Grant Heilman Photography, INC.,** | : | **CIVIL ACTION NO. 3:23-cv-1129** |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | **(JUDGE MANNION)** |
| | : | |
| **Ronald Gallagher dba Life Expression Wellness Center,** | : | |
| | : | |
| **Defendant.** | : | |

**<u>MEMORANDUM</u>**

Presently before the court is Plaintiff's renewed motion for default judgment. (Doc. 9.) On July 6, 2023, Plaintiff initiated this action against Defendant for willful copyright infringement. (Doc.1.) A summons was issued to Defendant on July 7, 2023. (Doc. 2.) On August 9, 2023, a return receipt indicating service upon Defendant on August 3, 2023, was filed with the court. (Doc. 4.) Defendant did not file an answer or otherwise timely respond to the complaint, and the Clerk of Court entered default against the Defendant for failure to answer or otherwise defend the instant suit on September 9, 2023. (Doc. 6.) On January 17, 2024, Plaintiff first motioned for entry of default of judgment against Defendant. (Doc. 7.) However, the court denied that motion without prejudice because Plaintiff failed to also submit an affidavit stating whether or not the Defendant is in military service

as required by the Service Members Civil Relief Act. 50 App. U.S.C. § 521(b)(1)(A). (Doc. 8.) Plaintiff has now renewed its motion for default judgment and submitted an appropriate affidavit showing that Defendant is not in military service. Accordingly, and for the reasons stated below, the court will grant Plaintiff's motion and award all relief requested, except prejudgment interest, which Plaintiff has not shown entitlement to.

## I.    Background

Plaintiff is a professional photographer and longtime provider of stock photography. In 1988, Plaintiff created the photograph of a plant at issue here. On August 22, 2008, Plaintiff registered this photograph with the Register of Copyrights and was assigned the registration number VA 1-643-925. At all relevant times Plaintiff maintained ownership of the copyrighted work.

Defendant operates a wellness center in Sugarloaf, Pennsylvania. Plaintiff alleges that all relevant times Defendant also operated the internet website located at the URL, http://www.lifeexpressionwellness.com/. Defendant is alleged to have copied, distributed, and otherwise used Plaintiff's photograph on this website to further his wellness business. On or about March 15, 2023, Plaintiff discovered the unauthorized use of its

copyrighted work in a June 30, 2016, post on Defendant's website about family chiropractic care. On March 29, 2023, Plaintiff through counsel, notified Defendant of his infringement on Plaintiff's copyrighted work and demanded he cease infringing on the work as well as pay a license fee for his unauthorized use. To date Defendant has not agreed to these demands or otherwise settled with Plaintiff.

## II.    Legal Standard

Once a default is entered by the clerk of court, the court may enter default judgment under Fed. R. Civ. P. 55(b)(2) against a properly served defendant who does not file a timely responsive pleading. The entry of default is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). But this discretion is not without limits; as the Third Circuit prefers "cases be disposed of on the merits whenever practicable." *Id.* at 1181. Thus, when reviewing a motion for default judgment the court must consider: "(1.) the prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

- 3 -

Still when a defendant has failed to appear or respond in any fashion to the complaint entry of default judgment is typically appropriate at least until the defendant comes forward with a motion to set aside the default judgment pursuant to Rule 55(c). *See Broad. Music, Inc. v. Kujo Long, LLC*, No. 1:14-CV-00449, 2014 WL 4059711, at *1 (M.D. Pa. Aug. 14, 2014) (citing *Anchorage Assocs. v. V.I. Bd. of Tax Review,* 922 F.2d 168, 177 n. 9 (3d Cir.1990).)

Once a default judgment has been entered, the well-pleaded, factual allegations of the complaint, except those relating to the damage amount, are accepted as true and treated as though they were established by proof. *See Coastal Mart, Inc. v. Johnson Auto Repair, Inc.,* 2001 WL 253873, at *2, 2001 U.S. Dist. LEXIS 2645, at *7 (E.D.Pa. Mar. 14, 2001); *See also U.S. ex rel. Motley v. Rundle,* 340 F.Supp. 807, 809 (E.D.Pa.1972) (*citing Thomson v. Wooster,* 114 U.S. 104, 114, 5 S.Ct. 788, 29 L.Ed. 105 (1884)). While these well-pleaded allegations are admitted and accepted, "the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages." *Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.,* 555 F.Supp.2d 537, 541 (E.D.Pa.2008) (citing *Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir.1990)). A party's default does not suggest that the party has admitted the amount of damages

- 4 -

that the moving party seeks. *See Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir.1990).

However, no hearing is needed where the damages can be determined from the evidence submitted, and "a reasonable calculation of damages should be made by looking at the evidence and the affidavits submitted by the moving party." *E. Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 652 F. Supp. 2d 599, 605. (citing *J & J Sports Prods. V. Roach*, 2008 U.S. Dist. LEXIS 109055 (E.D. Pa. July 8, 2008)). "If a reasonable calculation cannot be made from the evidence and affidavits, then a hearing may be held to better determine the appropriate calculations." *Id*. (citing *Bakley v. A & A Bindery, Inc.*, 1987 WL 12871, 1987 U.S. Dist. LEXIS 5546 (E.D. Pa. June 18, 1987).

## III.    Discussion

Despite recognizing in their motion that the court must consider the three factors articulated by the Third Circuit in *Chamberlain*, Plaintiff makes no specific or explicit arguments on these factors. On this basis alone the court could deny Plaintiff's motion. *See Hurst v. City of Rehoboth Beach*, 288 F. App'x 20, 23 (3d Cir. 2008)(district court did not abuse its discretion when it denied motion for default judgment in which Plaintiff did not show how he

would be prejudiced by an order denying his motion or that any delay in responding to the complaint was due to culpable conduct.) Nonetheless the Chamberlain factors, *i.e.*, prejudice to plaintiff, lack of litigable defenses, and culpable conduct of the defendant, are still implicitly evident through Plaintiff's general arguments.

### A. Prejudice to Plaintiff

Plaintiff asserts that continued infringement of its copyrighted work greatly impairs the market value of that work, because others competing in that business or in related businesses, will not want to obtain a license to Plaintiff's work if it is already associated with a competing business. Furthermore, potential licensees of Plaintiff will not want to pay license fees to Plaintiff if they see others taking and using Plaintiff's work for their own commercial purposes without paying any fee at all. Thus, by not entering default Plaintiff will be prejudiced by Defendant's continued infringement. *See also Strike 3 Holdings, LLC v. Vokoun*, No. 120CV14321NLHAMD, 2022 WL 310201, at *4 (D.N.J. Feb. 2, 2022) (Not entering default judgment would simply result in an interminable delay during which Defendant continues to violate Plaintiff's rights.)

**B. Litigable Defenses**

To state a copyright infringement claim, "a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 67 (3d Cir. 2018) (quoting *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002)); accord *Douglas v. Osteen*, 317 F. App'x 97, 99 (3d Cir. 2009). Plaintiff has claimed such here and nothing in the record indicates a defense to that claim. In fact, because Defendant did not respond, the court cannot determine whether Defendant has any meritorious defenses. *See Teamsters Health & Welfare Fund of Philadelphia & Vicinity v. Dubin Paper Co.*, No. CIV. 11-7137 JBS KMW, 2012 WL 3018062, at *4 (D.N.J. July 24, 2012). Thus, Defendant lacks litigable defenses at this time.

**C. Culpable Conduct**

In this context the Third Circuit has defined culpable conduct as actions taken willfully or in bad faith. *See Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123–24 (3d Cir. 1983). Here there is nothing in the record "to suggest that anything other than [defendant's] willful negligence caused [his] failure to file an answer." *Prudential Ins. Co. of AM. V. Taylor*, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009). Plaintiff notified Defendant of his

alleged infringement prior to even initiating this lawsuit and over six months have passed since Defendant was served. Yet there has been no response from Defendant. Accordingly, the court must assume the Defendant is culpable for his failure to respond and entry of default judgment is appropriate.

## IV.    Remedies

Having determined that default judgment is appropriate, the court next assesses the remedies sought by Plaintiff, mindful of the fact that its damages allegations need not be accepted as true. Plaintiff discusses four remedies: actual damages, statutory damages, attorney's fees and costs, and a permanent injunction stopping Defendant from continuing to use Plaintiff's copyrighted work. The court will address each of these remedies in turn.

### A. Actual Damages

Pursuant to 17 U.S.C. § 504(b), a "copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement." Actual damages are often measured by injury to the market value of the copyrighted work, which may include, lost revenues. *See Leonard v. Stemtech Int'l Inc*, 8.34 F.3d 376, 390 (3d Cir. 2016). The

copyright owner may also recover the fair market value of the licensing fee that would have been charged for the work that was infringed. *Id.* (citing *On Davis v. The Gap, Inc.*, 246 F.3d 152, 165 (2d Cir. 2001)). To demonstrate entitlement to a reasonable license fee, the fair market value of an infringed work may be established by evidence of "what a willing buyer would have been reasonably required to pay a willing seller for the copyright holder's work." *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 539-40 (4th Cir. 2007).

Plaintiff has provided evidence that it has licensed the work at issue here for $940 for a limited one-time use as a physical print. While it has never licensed the work for reproduction and display on a website, Plaintiff claims it would have charged at least $1,080 per year to use the work. Since Defendant posted the work on his website over 7 years ago, Plaintiff claims actual damages of $7,560. However, given Defendant's failure to respond and in turn participate in discovery Plaintiff has not been able to determine exactly how long Defendant has been using the work for commercial purposes or identify profits related to his infringement that are recoverable under 17 U.S.C. §504(b). Accordingly, Plaintiff asserts that actual damages alone are inadequate and, in the alternative, seeks an award for statutory damages.

- 9 -

### B. Statutory Damages

Pursuant to 17 U.S.C. § 504(c), Plaintiff may elect to recover statutory damages for Defendant's infringement of Plaintiff's exclusive rights in its copyrighted work, and enhancement of his statutory award based upon the willfulness of such infringement. Specifically, pursuant to 17 U.S.C. § 504(c)(2), the court in its discretion may increase an award for statutory damages up to $150,000.00 when infringement was committed willfully.

In determining the amount of statutory damages, "courts should consider (1) expenses saved and profits reaped by the infringer; (2) revenues lost by the plaintiff; (3) the strong public interest in insuring the integrity of the copyright laws; and (4) whether the infringement was willful and knowing or innocent and accidental." *Broad. Music*, 555 F. Supp. 2d at 544 (citing *Original Appalachian Artworks, Inc. v. J.F. Reichert, Inc.*, 658 F. Supp. 458, 465 (E.D. Pa. 1987)). Moreover, "it is important that an infringer not reap a benefit from its violation of the copyright laws [and] that statutory damages should exceed the unpaid license fees so that defendant will be put on notice that it costs less to obey the copyright laws than to violate them." *Id.*, 555 F. Supp. 2d. at 544 (quoting *A & N Music Corp. v. Venezia*, 733 F. Supp. 955, 958 (E.D. Pa. 1990)).

- 10 -

Other courts in this district have awarded similarly situated Plaintiffs statutory damages in an amount of three to four times the lost licensing fee. *See Broad. Music, Inc. v. Kujo Long*, LLC, No. 1:14-CV-00449, 2014 WL 4059711 at *5 (M.D. Pa. Aug. 14, 2014) (awarding statutory damages in an amount that was "slightly less than three times the claimed lost fees); *See also Broad. Music, Inc. v. It's Amore Corp*., No. 3:08CV570, 2009 WL 1886038 at *8 (M.D. Pa. June 30, 2009) (awarding statutory damages three and one-half times the cost of the licensing fee); *See also Broad. Music, Inc. v. Shane's Flight Deck, Ltd.*, No. 1:09-CV-2151, 2010 WL 4916208, at *1-2 n. 2 (M.D. Pa. Nov. 24, 2010) (awarding statutory damages in an amount of three times the cost of the licensing fees).

Plaintiff further argues that Defendant's refusal to pay for their commercial use of Plaintiff's copyrighted work or defend this lawsuit, even after he was notified in writing of Plaintiff's copyright evidence actual knowledge or least reckless disregard of the fact that his conduct infringed on Plaintiff's copyright. As such, Plaintiff claims Defendant's infringement was willful. *See Ackourey v. Raja Fashions Bespoke Tailors*, No. 13-cv-2315, 2014 WL 4473656, at *3 (E.D. Pa. Sept. 11, 2014) (A willful copyright violation occurs when a defendant knows or should have known that his or her actions constitute copyright infringement); *See also Broad. Music, Inc.*,

555 F. Supp. 2d 537, 544 (E.D. Pa. 2008) (As a general rule, failure to defend a copyright claim is grounds for concluding that the infringement was willful.) Regardless in cases of non-willful infringement, statutory damages may be awarded up to $30,000.00. See 17 U.S.C. § 504(c)(1). Accordingly, Plaintiff believes his statutory damages for willful copyright infringement to be no less than $22,680 after considering a deterrent multiplier of three times his actual damages.

Despite the foregoing Plaintiff in its conclusion and proposed order only requests statutory damages in the more reasonable amount of $7,560, which is the same amount as its alleged actual damages. Accordingly, the court will award statutory damages of $7,560.00.

**C. Attorney's Fees and Costs**

Pursuant to 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full costs by or against any party... the court may also award reasonable attorney's fee to pay the prevailing party as part of the costs." Plaintiff asserts that upon entry of a final judgment, it is the prevailing party in this action. Furthermore, Plaintiff asserts that the willful nature of Defendant's infringement and the added costs as well as delays from Defendant's failure to defend make full attorney's fees and costs appropriate. To that end Plaintiff requests the Court award costs and attorney's fees in

- 12 -

the amount of $4,590.00 consisting of fees in the amount of $4042.50 and costs in the amount of $547.50. Based on the court's review of the declaration and bills submitted by Plaintiff's counsel, these amounts are reasonable and will be awarded in their entirety.

### D. Injunctive Relief

As a general rule, a party prevailing on the merits must show four factors to obtain a permanent injunction: (1) it will suffer irreparable injury; (2) no remedy available at law would be sufficient; (3) the balance of hardships tips in its favor; and (4) the injunction would serve public interests. *TD Bank N.A. v. Hill*, 928 F.3d 259, 278 (3d Cir. 2019). In the "specialized context" of a default judgment, where the defendant does not respond and the plaintiff cannot quantify its damages, these factors generally weigh in favor of injunctive relief. *Freddy S.p.A. v. Kalai*, No. CV 20-628-MN, 2022 WL 1411690, at *3 (D. Del. Apr. 28, 2022), *report and recommendation adopted,* No. CV 20-628 (MN), 2022 WL 2915765 (D. Del. July 25, 2022)

Furthermore 17 U.S.C. § 502(a) allows "(a)ny court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." *See also A & N Music Corp.*, 733 F. Supp. at 957 ("[w]hen past infringement and a

substantial likelihood of future infringements is established, a copyright holder is ordinarily entitled to a permanent injunction against the infringer."); *See also Broad. Music, Inc. v. Shane's Flight Deck, Ltd.*, 2010 WL 4916208, at \*1 (M.D. Pa. Nov. 24, 2010) (finding a permanent injunction was warranted for alleged copyright infringement on a motion for default judgment "given the past and likely continued violations by defendant."); *See also Ottomanson, Inc. v. UCAI, LLC*, 2020 WL 205945, at \*4 (D.N.J. Jan. 10, 2020) ("Merely enjoining infringement does not deprive the defendant of anything to which it is entitled, and it is in the public interest to do so."). Accordingly, the court will issue a permanent injunction against the Defendant.

### E. Interest

In its proposed order Plaintiff also seeks pre and post judgment interest pursuant to 28 U.S.C. §1961 on all damages, fees, and costs awarded. However, 28 U.S.C. §1961 only provides for post judgment interest. *See* 28 U.S.C.A. § 1961(a) ("interest shall be calculated from the date of the entry of the judgment.") Since Plaintiff makes no other arguments regarding its entitlement to prejudgment interest, the court will only order interest on Plaintiff's award from the date of judgment.

**V. Conclusion**

Based on the foregoing the court will enter default judgment against the Defendant, and award $7,560 in statutory damages, $4,590.00 in attorney's fees and costs, as well as enjoin Defendant from continuing to infringe on Plaintiff's copyright. An appropriate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 16, 2024**
23-1129-02

- 15 -